## THE PEOPLE *against* NORTON.

*Trustee; power of appointment and removal of; bond of, and action upon it.*

THE late Court of Chancery had power by its general authority, independent of any special statute, to remove a trustee on good cause shown, and to substitute another in his stead.

Whether such removal and appoinment could regularly be made upon petition without bill, or not, the surety of the substituted trustee can make no objection on that ground, in a suit upon the bond given to secure the faithful execution of the trust.

Neither is the objection available to him, that some of the persons interested in the trust estate were not parties in the proceedings for the appointment of a new trustee. Having obtained the trust estate by virtue of the appointment, neither the trustee nor his surety can avoid accounting for it, by reason of any irregularity in the proceedings.

Where the plaintiffs on a trial before a referee read as evidence of certain facts, without objection, a part of the defendant's answer, those facts were properly regarded by the referee as established, although they were denied by the reply, and the answer could not, therefore, if objected to, have been read as evidence of them.

The bond of the trustee and his surety was given to "the people of the state of New York," for the benefit of those interested in the trust estate. An action in the

name of the people upon the bond was properly brought. The people were "trustees of an express trust," within the meaning of section 113 of the Code of Procedure.

Where the trust estate consisted of a house and lot, subject to the lien of a mortgage, and the trustee, for his own convenience, and not for the advantage of the estate, sold the property subject to the mortgage, for less than its value, and the property on a foreclosure sold for less than the sum due on the mortgage:

*Held*, that the surety of the trustee, after the death of the latter, was liable on his bond for the surplus value of the property at the time of the trustee's sale, beyond the amount of the incumbrance, together with interest on such surplus.

(S. C., 9 N. Y. 176.